UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4907

JARED JORGE IRULA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-97-293)

Submitted: June 16, 1998

Decided: June 30, 1998

Before HAMILTON and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Peter D. Hardy,
Special Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jared Jorge Irula pleaded guilty to one count of illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326 (1994). In August 1997, the district court conducted a Fed. R. Crim. P. 11 hearing and accepted Irula's plea, which was entered without benefit of a written plea agreement. In October 1997, Irula moved for appointment of new trial counsel and to set aside his guilty plea. Irula asserted that he received ineffective assistance of trial counsel because counsel allowed Irula to plead guilty to an indictment that charged Irula with reentry after deportation subsequent to a conviction for an aggravated felony rather than a misdemeanor. On October 17, 1997, the district court denied the motion to withdraw the guilty plea because Irula in fact pleaded guilty to the amended charge of simple illegal reentry. Irula was then sentenced to twenty-four months in prison, one year of supervised release, and a $100 special assessment. Irula appealed the October 17 order.

On March 2, 1998, Irula moved the district court to supplement the record with documents from Irula's deportation proceedings so he could assert ineffective assistance of counsel on direct appeal. The district court denied the motion to supplement. Counsel then filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that Irula received ineffective assistance of trial counsel because counsel failed to inform Irula that he could have defended against the charge of illegal reentry by attacking the validity of his underlying deportation hearing. Though informed of his right to file a supplemental brief pro se, Irula has not done so.

A claim of ineffective assistance of counsel is not cognizable on direct appeal unless the record conclusively shows ineffective assistance. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Such claims are more appropriately raised by a motion filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). See id.

2

Irula's notice of appeal purported to appeal the October 17 order denying his motion to set aside his guilty plea. The ineffective assistance of counsel claim Irula now raises on appeal is different from that raised before the district court in his motion to withdraw his plea. Thus, the district court did not consider the ineffective assistance of counsel claim Irula now asserts on appeal, and did not have the opportunity to make any factual or legal findings regarding this claim. Therefore, Irula's ineffective assistance claim on appeal is not supported by the record and the claim should be raised in a § 2255 proceeding. We grant the Appellee's unopposed motion to submit the case on the briefs and affirm Irula's conviction.

In accordance with the requirement of <u>Anders</u>, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3